**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CIVIL ACTION NO.:   3:25-cv-449

| | |
|---|---|
| LATASHA ALEXANDER<br>3300 Magnolia Hill Drive<br>Apartment 403<br>Charlotte, NC 28205<br><br>Plaintiff,<br><br>v.<br><br>NEWELL BRANDS INC.,<br>6655 Peachtree Dunwoody Road<br>Atlanta, GA 30328,<br><br>and<br><br>SUNBEAM PRODUCTS, INC. d/b/a JARDEN<br>CONSUMER SOLUTIONS,<br>6655 Peachtree Dunwoody Road<br>Atlanta, GA 30328,<br><br>Defendants. | **CIVIL ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF Latasha Alexander, by and through undersigned counsel, files this Complaint against Defendants, Newell Brands Inc., and Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions and in support thereof, makes the following allegations:

## PARTIES

1.     Plaintiff, Latasha Alexander, is an adult citizen and resident of the state of North Carolina, residing at 3300 Magnolia Hill Drive, Apartment 403, Charlotte, NC 28205.

2.     Defendant, Newell Brands Inc., is a publicly traded Business Corporation incorporated in Delaware with its principal place of business located in Atlanta, Georgia.

3.     Defendant, Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions, is

1

incorporated in Delaware with its principal place of business located in Atlanta, Georgia.

4.       Upon reasonable information and belief, Defendant, Sunbeam Products, Inc., is a subsidiary of Newell Brands Inc.

5.       Collectively, Newell Brands Inc. and Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions are referred to herein as "Defendants."

6.       Upon information and belief, Defendants were, at all times relevant hereto, responsible for the design, manufacture, marketing, testing, distribution, supply, and sale of the Product at issue in this case, the Crock-Pot® Express 6-Qt Pressure Cooker (hereinafter referred to as the "Pressure Cooker", "Crock-Pot Express Multi-Cooker", and/or the "Product").

## JURISDICTION AND VENUE

7.       This Court has personal jurisdiction over Defendants because Defendants systematically served North Carolina's market for the product which injured a citizen of North Carolina, thereby giving rise to this lawsuit.

8.       Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because a substantial part of the events or omissions occurred in this district.

9.       Further, this Court has diversity jurisdiction over the parties pursuant to A because the parties to the suit are completely diverse in that none of Defendants are citizens of the same state as Plaintiff. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## INTRODUCTION, NATURE OF THE CASE, AND FACTUAL ALLEGATIONS

10.      Plaintiff purchased the Crock-Pot Express Multi-Cooker a few weeks before the incident at issue occurred.

11.      At the time of purchase, Plaintiff relied upon the "safety features" listed by Defendants on their packaging.

2

12.     Unbeknownst to Plaintiff, the Crock-Pot Express Multi-Cooker, as purchased, was designed, manufactured, and distributed in a defective and unreasonably dangerous condition in that the lid could be opened while the cooker was pressurized, permitting the unexpected and powerful release of scalding hot food, liquid, and steam without warning.

13.     On or about Sunday, June 26, 2022, Plaintiff, Latasha Alexander, was using the Crock-Pot Express Multi-Cooker set to the pressure cooker function.

14.     Plaintiff heard incessant beeping, which Plaintiff interpreted as indicating an error warning. She then approached the cooker and pressed a digital button to attempt to lower the cooking temperature, at which point the Pressure Cooker exploded.

15.     Following the explosion, Plaintiff's chest and right hand were covered in scalding hot food and liquid.

16.     Ms. Alexander was severely burned and presented at Atrium Health Carolinas Medical Center Emergency Department – Southpark Health Pavillion for painful red burns on her chest and hand.

17.     The doctor provided Ms. Alexander with pain management medication, Silvadene, directions for at-home treatment of the burn, and discharge return precautions.

18.     The release of the scalding hot food, liquid, and steam caused Plaintiff to suffer first and second-degree burns to her chest and right hand, resulting in horrendous pain and suffering.

19.     Plaintiff has suffered permanent physical scars and disfigurement in addition to significant emotional scars, from which she will never fully recover.

20.     Upon information and belief, prior to distributing the Crock-Pot Express Multi-Cooker, Defendants did not conduct a hazard or risk analysis and did not conduct adequate testing and investigation to determine whether the product presented an unreasonable risk of harm during expected and foreseeable use of the product.

3

21.    At all times relevant hereto, Defendants failed to provide adequate instructions with the Crock-Pot Express Multi-Cooker and failed to provide any warning of the defective and dangerous design and manufacture and the associated grave risk of harm.

22.    At all times relevant hereto, Defendants knew or should have known of the severe risk of injury created by the defective and unreasonably dangerous design and manufacture of the Crock-Pot Express Multi-Cooker but failed to modify the product and failed to warn of the serious risk of harm.

23.    Approximately two years prior to Plaintiff's incident, the United States Consumer Product Safety Commission ("CPSC") announced a recall of nearly 1 million Crock-Pot 6-Quart Express Crock Multi-Cookers that were manufactured between July 2017 and October 2018 citing "119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first degree to third-degree burns."[1]

24.    On information and belief, Defendants had actual knowledge of some or all of the above incidents and of the dangers associated with the design and/or manufacture of the device before the sale of the Crock-Pot Express Multi-Cooker but nevertheless disregarded the severe risk of harm associated with the defect demonstrating a conscious and reckless indifference and disregard of the health, safety, and well-being of others, including Plaintiff.

25.    Prior to Plaintiff's incident, Defendants had actual or constructive knowledge that their pressure cookers had issues with the lid not properly locking and contents of the pressure cooker were ejected from the product while still under pressure – a condition which was unreasonably dangerous and defective to consumers.

---

[1] *Crock-pot 6-Quart Express crock multi-cookers recalled by Sunbeam Products due to burn hazard*. U.S. Consumer Product Safety Commission. (n.d.). https://www.cpsc.gov/Recalls/2021/Crock-Pot-6-Quart-Express-Crock-Multi-Cookers-Recalled-by-Sunbeam-Products-Due-to-Burn-Hazard (last accessed June 23, 2025).

4

26. The injuries, damages and losses sustained by Plaintiff were the direct result of the conduct of Defendants and the negligent, reckless, and defective design and manufacture of the Crock-Pot Express Multi-Cooker.

27. As a direct and proximate result of Defendants' negligence, carelessness, and other liability producing conduct, Plaintiff sustained severe and permanent injuries including burns to her body, resulting in disfigurement, discoloration, severe pain and suffering, anxiety, distress, depression, self-consciousness, and a severe and permanent shock to nerves and nervous system, all of which have caused her and will continue to cause her great pain and agony, all to her great financial damage and loss.

28. As a further direct result of Defendants' negligence, carelessness, and other liability producing conduct, as aforesaid, Plaintiff has incurred expenses, which will be provided during discovery, for medicine and medical attention to treat and cure her injuries, as well as approximately two weeks of missed work due to her injuries.

29. Defendants, jointly and/or severally, by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, and/or contractors solely caused and/or substantially contributed to Plaintiff's complained of injuries and damages, as a direct result of the carelessness, negligence, and other liability producing conduct of the said Defendants, as aforesaid.

30. The incident which is the subject of this complaint was in no way caused or contributed to by any acts or omissions of Plaintiff.

## COUNT I – NEGLIGENCE
### (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

31. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

32. At all times relevant, Defendants were in the business of designing, developing,

5

testing, manufacturing, labeling, marketing, advertising, promoting, monitoring, selling and/or distributing the Product.

33.     Defendants played a role in the design and testing of the Product, either by virtue of Defendants' control of the Product and labeling, ownership of the Product's Patent and Intellectual Property, control over the entity or entities involved in the product manufacture and labeling, and/or involvement in contractual agreements that required participation and engagement in the design and testing of the Product.

34.     Defendants had a duty to exercise reasonable and ordinary care in the designing, developing, testing, manufacturing, labeling, marketing, advertising, promoting, monitoring, selling and/or distributing of the Product so as to avoid exposing others to foreseeable and unreasonable risks of harm.

35.     Defendants breached their duty of care to the Plaintiff in designing, developing, testing, manufacturing, labeling, marketing, advertising, promoting, monitoring, selling and/or distributing of the Product.

36.     Defendants knew or reasonably should have known that the Product was dangerous or likely to be dangerous when used in its intended or reasonably foreseeable manner.

37.     At the time of the development and design of the Product, Defendants knew or should have known that the Product was designed in such a manner so as to possess a risk of serious injury and/or death as a result of burn injuries.

38.     Defendants knew or reasonably should have known that the purchasers and/or consumers of the Product would not realize the danger associated with the use of the Product for its intended use and/or in a reasonably foreseeable manner.

39.     Defendants had a duty to perform adequate testing on the Product to ensure the product that entered the United States marketplace did not possess a risk of serious injury and/or

6

death as a result of burn injuries.

40. Defendants breached their duty to exercise reasonable and prudent care in the testing and monitoring of the Product by failing to perform reasonable and adequate testing of the Product, including but not limited to testing of the Product's design and manufacture to ensure the avoidance of pressurized lid detachments, which acts as a bomb, leading to the ejection of boiling hot contents.

41. Defendants also breached their duty to exercise reasonable and prudent care by failing to provide the product with all elements necessary to make it safe for its intended and foreseeable uses.

42. Defendants also breached their duty to exercise reasonable and prudent care by failing to recall the product in a timely manner, which would have prevented Plaintiff's injuries.

43. A reasonable manufacturer, designer, distributor, promotor, or seller under the same or similar circumstances would not have engaged in the aforementioned acts and omissions given the extensive knowledge of pressurized lid detachments, leading to serious burn injuries, both at the time of development and use.

44. As a direct and proximate result of Defendants' negligent testing, monitoring, and labeling of the Product, Defendants introduced a product into the United States marketplace that is known to cause burn injuries, and Plaintiff has been injured catastrophically and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

45. As a direct and proximate result of the aforementioned negligence and carelessness, as described above, Plaintiff, Latasha Alexander, suffered the following injuries, all or some of which may be permanent in nature, including:

      (a)    First-degree burns on her left breast, second-degree burns on her right chest, and first-degree burns on the dorsum of her right hand.

      (b)    Emergency medical care.

7

(c)    Permanent scarring, bruising, and disfigurement;
(d)    Decreased mobility and dexterity;
(e)    Reduction and/or limitation of activities of daily living and loss of independence;
(f)    Humiliation;
(g)    Embarrassment;
(h)    Pain and suffering;
(i)    Physical and emotional distress;
(j)    Past and future medical expenses;
(k)    Incidental and other expenses; and
(l)    Loss of life's pleasures.

46.    As a result of Plaintiff's injuries caused by Defendants, Plaintiff sustained serious physical and mental pain and great discomfort, all of which required medical care and treatment.

47.    As a result of Plaintiff's injuries caused by Defendants, Plaintiff suffered, and continue to suffer, great physical and mental pain, discomfort, and inconvenience.

48.    As a result of Plaintiff's injuries caused by Defendants, Plaintiff was forced to expend additional monies and incurred numerous expenses related to Plaintiff's medical treatment and missed work.

49.    Defendants are liable in tort to Plaintiff for their wrongful conduct pursuant to North Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT II – NEGLIGENT FAILURE TO WARN
## (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

50.    Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

51.    Defendants had a duty to exercise reasonable care and comply with existing standards of care in the marketing, promotion, labeling, packaging, and sale of the Product.

52.    Defendants failed to exercise reasonable care and failed to comply with existing

standards of care in the marketing, promotion, labeling, packaging, and sale of the Product. Defendants knew or should have known that using the Product as instructed in the labeling created an unreasonable risk of harm.

53.     Defendants, their agents, servants, partners, and/or employees, failed to exercise reasonable care and failed to comply with existing standards of care in the following acts and/or omissions, among others:

(a)     Failing to warn of the dangers of using the Product;
(b)     Failing to provide adequate warnings and/or instructions involving the use and/or potential risks of the Product;
(c)     Failing to warn of the Product's inadequate and unsafe design;
(d)     Promoting and marketing the Product while knowing that the Product had the potential for pressurized lid detachments, which can cause serious burn injuries;
(e)     Failing to warn in the Product's labeling that the Product had the potential for pressurized lid detachments, which can cause serious burn injuries;
(f)     Failing to warn in the Product's promotions, advertising, publications, and other means of communication to the public and targeted client populations, that the Product had the potential for pressurized lid detachments, which can cause serious burn injuries.

54.     Defendants' failure to warn of the Product's inadequate and unsafe design was the proximate cause of Plaintiff's injuries, harm, and economic loss, from which Plaintiff continues to suffer.

55.     As a direct and proximate result of the aforementioned negligence and carelessness, as described above, Plaintiff, Latasha Alexander, suffered the following injuries, all or some of which may be permanent in nature, including:

(a)     First-degree burns on her left breast, second-degree burns on her right chest, and first-degree burns on the dorsum of her right hand.
(b)     Emergency medical care.
(c)     Permanent scarring, bruising, and disfigurement;
(d)     Decreased mobility and dexterity;
(e)     Reduction and/or limitation of activities of daily living and loss of independence;
(f)     Humiliation;
(g)     Embarrassment;
(h)     Pain and suffering;
(i)     Physical and emotional distress;

9

(j)   Past and future medical expenses;
(k)   Incidental and other expenses; and
(l)   Loss of life's pleasures.

56.   The aforementioned negligence and wrongs done by Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary (or, punitive) damages, in that Defendants' conduct was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included material representations that were false, with Defendants knowing that they were false or with reckless disregard as to the truth and as a positive assertion, with the intent that the representations were acted on by Plaintiff.

57.   Defendants are liable in tort to Plaintiff for their negligent failure to warn pursuant to North Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT III – NEGLIGENT DESIGN DEFECT
### (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

58.   Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

59.   Defendants are liable to Plaintiff for the injuries and damages sustained by them due to Defendants' negligent design of the Product.

10

60.     At all relevant times to this lawsuit, Defendants owed a duty to all individuals and consumers, including Plaintiff, to assess, manage, and communicate the risks, dangers, and adverse effects of the Product. Defendants' duties included, but were not limited to, carefully and properly designing, testing, studying, and manufacturing the Product.

61.     Defendants negligently and carelessly breached the above-described duties to Plaintiff by, among other acts and omissions, negligently and carelessly: (a) failing to use ordinary care in designing, testing, and manufacturing the product; (b) failing to design the Product as to properly minimize the potential for severe burns; and (c) designing a product with a potential for pressurized lid detachment, which acts as a bomb, leading to the ejection of boiling hot contents.

62.     The Product that was designed, manufactured, distributed, sold and/or supplied by Defendants was defective in design or formulation in that, when it left the hands of the manufacturer and/or supplier and/or distributor, the foreseeable risks exceeded the benefits associated with the design or formulation.

63.     The Product manufactured, distributed, sold and/or supplied by Defendants was defective in design or formulation in that, when it left the hands of the manufacturers and/or suppliers and/or distributors, it was unreasonably dangerous due to its propensity for pressurized lid detachment, which can cause severe burns and other injuries.

64.     Despite Defendants' knowledge of the foreseeable risks and unreasonably dangerous nature of the Product at all times relevant, Defendants designed and brought the Product to market and continued to promote the Product when there were reasonable, alternative, feasible, and safer designs available that would have lessened and/or eliminated Plaintiff's injuries.

65.     As a result of Defendants' negligent and reckless design of the Product, Plaintiff sustained life-threatening and potentially permanent injuries.

66.     The aforementioned negligence and wrongs done by Defendants were aggravated by

the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary (or, punitive) damages, in that Defendants' conduct was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included material representations that were false, with Defendants knowing that they were false or with reckless disregard as to the truth and as a positive assertion, with the intent that the representations were acted on by Plaintiff.

67. Defendants are liable in tort to Plaintiff for their negligent acts and design of the Product pursuant to North Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT IV – NEGLIGENT DESIGN AND MANUFACTURING DEFECT (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

68. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

69. Defendants are liable to Plaintiff for the injuries and damages sustained by them due to Defendants' negligent design of the Product.

70. At all relevant times to this lawsuit, Defendants owed a duty to all individuals and consumers, including Plaintiff, to assess, manage, and communicate the risks, dangers, and adverse effects of the Product. Defendants' duties included, but were not limited to, carefully and properly

designing, testing, studying, and manufacturing the Product.

71.     Defendants negligently and carelessly breached the above-described duties to Plaintiff by, among other acts and omissions, negligently and carelessly: (a) failing to use ordinary care in designing, testing, and manufacturing the product; (b) failing to design the Product as to properly minimize the potential for severe burns; and (c) designing a product with a potential for pressurized lid detachment, which acts as a bomb, leading to the ejection of boiling hot contents.

72.     The Product that was designed, manufactured, and/or supplied by Defendants was defective in design or formulation in that, when it left the hands of the manufacturer, the foreseeable risks exceeded the benefits associated with the design or formulation.

73.     The Product manufactured and/or supplied by Defendants was defective in design or formulation in that, when it left the hands of the manufacturer, it was unreasonably dangerous due to its propensity for pressurized lid detachment, which can cause severe burns and other injuries.

74.     Despite Defendants' knowledge of the foreseeable risks and unreasonably dangerous nature of the Product at all times relevant, Defendants designed and manufactured the Product when there were reasonable, alternative, feasible, and safer designs available that would have lessened and/or eliminated Plaintiff's injuries.

75.     As a result of Defendants' negligent and reckless design of the Product, Plaintiff sustained life-threatening and potentially permanent injuries.

76.     The aforementioned negligence and wrongs done by Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary (or, punitive) damages, in that Defendants' conduct was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering

13

the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included material representations that were false, with Defendants knowing that they were false or with reckless disregard as to the truth and as a positive assertion, with the intent that the representations were acted on by Plaintiff.

77. Defendants are liable in tort to Plaintiff for their negligent acts, design and manufacturing of the Product pursuant to North Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT V – NEGLIGENT MISREPRESENTATION AND OMISSION
## (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

78. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

79. At all relevant times, Defendants negligently provided all individuals and consumers, including Plaintiff, with false or incorrect information, and/or omitted or failed to disclose material information concerning the Product, including, but not limited to, misrepresentations regarding the safety and known risks of the Product.

80. The information distributed by Defendants to all individuals and consumers, including advertising campaigns, labeling materials, print advertisements, and commercial media, was false and misleading and contained omissions concealing the truth about the dangers of the Product.

81. Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public, individuals, purchasers and consumers, including Plaintiff, to falsely assure them of the quality of the Product, and induce the public, individuals, purchasers and consumers,

including Plaintiff, to request, recommend, purchase, and use the Product.

82.     Defendants had a duty to accurately and truthfully represent to the public, individuals, and consumers, including Plaintiff, the known risks of the Product involving its propensity for pressurized lid detachment, which acts as a bomb, leading to the ejection of boiling hot contents.

83.     Defendants omitted in the Product's labeling any instruction regarding the safety measures that should be taken to protect against the Product and pressurized lid detachment. Without these safety measures and instructions in place, users remained unaware of the dangers of the Product.

84.     Defendants have made additional misrepresentations beyond the product labeling by representing the Product as safe.

85.     In reliance upon the false and negligent misrepresentations and omissions made by Defendants, the public, individuals, purchasers and consumers, were induced to, and did use the Product, thereby causing severe and permanent injuries.

86.     Consumers, like Plaintiff, would not have used the Product had Defendants not misrepresented and/or omitted the dangers resulting from the Product.

87.     At the time Plaintiff used the Product, Plaintiff was unaware of Defendants' negligent misrepresentations and omissions.

88.     Defendants failed to exercise ordinary care in making representations concerning the Product while they were involved in their manufacture, design, sale, testing, quality assurance, quality control, promotion, marketing, labeling, and distribution in interstate commerce, because Defendants negligently misrepresented the Product's high risk of danger, including pressurized lid detachment, explosion, and burns from boiling contents.

89.     Plaintiff reasonably relied upon the misrepresentations and omissions made by Defendants where the concealed and misrepresented facts were critical to understanding the true dangers inherent in the use of the Product.

15

90. Plaintiff's reliance on the foregoing misrepresentations and omissions was the direct and proximate cause of Plaintiff's injuries.

91. As a direct and proximate result of the aforementioned negligence and carelessness, as described above, Plaintiff, Latasha Alexander, suffered the following injuries, all or some of which may be permanent in nature, including:

(a) First-degree burns on her left breast, second-degree burns on her right chest, and first-degree burns on the dorsum of her right hand.
(b) Emergency medical care.
(c) Permanent scarring, bruising, and disfigurement;
(d) Decreased mobility and dexterity;
(e) Reduction and/or limitation of activities of daily living and loss of independence;
(f) Humiliation;
(g) Embarrassment;
(h) Pain and suffering;
(i) Physical and emotional distress;
(j) Past and future medical expenses;
(k) Incidental and other expenses; and
(l) Loss of life's pleasures.

92. The aforementioned negligence and wrongs done by Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary (or, punitive) damages, in that Defendants' conduct was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included material representations that were false, with Defendants knowing that they were false or with reckless disregard as to the truth and as a positive assertion, with the intent that the representations were acted on by Plaintiff.

93. Defendants are liable in tort to Plaintiff for their negligent failure to warn pursuant to

16

North Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT VI – BREACH OF EXPRESS WARRANTY
## (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

94.     Plaintiff realleges and incorporates by reference each and every allegation contained above, as though fully set forth herein.

95.     Plaintiff asserts a breach of express warranty of merchantability claim against Defendants.

96.     Defendants sold, and Plaintiff purchased, the Product.

97.     Defendants misrepresented on the packaging, the "safety features" of the Product.

98.     Defendants made these misrepresentations as to the "safety features" of the Product in order to solicit consumers to purchase the Product.

99.     Defendants' listing of "safety features" of the Product on Defendants' website constituted an affirmation of fact and a description of the goods provided.

100.    Defendants' misrepresentations as to the "safety features" of the Product were a basis of Plaintiff's purchase of the Product sold by Defendants.

101.    Defendants' misrepresentations as to the "safety features" of the Product constitutes a breach of express warranty.

102.    Defendants had notice and the opportunity to repair the defect repeatedly (by virtue of the recall) but failed to do so.

103.    Upon information and belief, Defendants also had constructive notice of the misrepresentations as to the "safety features" of the Product prior to this incident and Plaintiff's injury

on or about June 26, 2022.

104. As alleged, Defendants' Product did not have the "safety features" it purported to have, because the Product exploded, caused severe burns, and needed to be recalled.

105. The Product did not measure up to the promises or facts stated in the "safety features" advertisement and communications by and from Defendants.

106. Defendants expressly warranted that the Product was merchantable, fit, and safe for ordinary use.

107. Defendants further expressly warranted that the Product was fit for the particular purposes for which it was intended and sold.

108. Contrary to these express warranties on the "safety features," which Plaintiff reviewed prior to purchase, Defendants' Product was defective, unmerchantable, and unfit for its ordinary use when sold, and unfit for the particular purpose for which it was sold and operated.

109. As a proximate result of Defendants' design, manufacture, marketing, sale, and distribution of the Product, Plaintiff, Latasha Alexander, suffered the following injuries, all or some of which may be permanent in nature, including:

> (a) First-degree burns on her left breast, second-degree burns on her right chest, and first-degree burns on the dorsum of her right hand.
> (b) Emergency medical care.
> (c) Permanent scarring, bruising, and disfigurement;
> (d) Decreased mobility and dexterity;
> (e) Reduction and/or limitation of activities of daily living and loss of independence;
> (f) Humiliation;
> (g) Embarrassment;
> (h) Pain and suffering;
> (i) Physical and emotional distress;
> (j) Past and future medical expenses;
> (k) Incidental and other expenses; and
> (l) Loss of life's pleasures.

110. Defendants are liable to Plaintiff for their wrongful conduct pursuant to North

18

Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT VII – BREACH OF IMPLIED WARRANTY
## (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

111.    Plaintiff alleges and incorporates by reference each and every allegation contained above, as though fully set forth herein.

112.    Plaintiff asserts a breach of implied warranty of merchantability claim against Defendants.

113.    Pursuant to N.C. Gen. Stat. §25-2-314 in order for goods to be considered "merchantable," the goods must (1) pass without objection in the trade under the contract description; (2) in the case of fungible goods, are of fair average quality within the description; (3) are fit for the ordinary purposes for which such goods are used; (4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; (5) are adequately contained, packaged, and labeled as the agreement may require; and (6) conform to the promises or affirmations of fact made on the container or label if any.

114.    The concept of merchantability does not require that goods be the best quality or the best obtainable, but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed.

115.    The ordinary purpose of Defendants' Product was for culinary purposes, and thus, because Defendants' Product exploded while pressurized, causing severe burns, it was not fit for the ordinary purposes for which the Product was used.

116.    Plaintiff used the Product in reliance upon Defendants' skill and judgment and the

19

implied warranties of fitness for the purpose.

117. The Product was not altered by Plaintiff.

118. Plaintiff were a foreseeable user of the Product, and regardless, would be a third-party beneficiary of warranties express and/or implied pursuant to N.C. Gen. Stat. §25-2-318 as an injured person by Defendants' breach of the warranty.

119. Plaintiff used the Product in the manner intended.

120. As alleged, Defendants' Product was not adequately labeled and did not disclose that the Product may explode, cause severe burns, and need to be recalled.

121. The Product did not measure up to the promises or facts stated in the marketing, packaging, labeling, advertisement, and communications by and from Defendants.

122. Defendants impliedly warranted that the Product was merchantable, fit, and safe for ordinary use.

123. Defendants further impliedly warranted that the Product was fit for the particular purposes for which it was intended and sold.

124. Contrary to these implied warranties, Defendants' Product was defective, unmerchantable, and unfit for its ordinary use when sold, and unfit for the particular purpose for which it was sold and operated.

125. As a proximate result of Defendants' design, manufacture, marketing, sale, and distribution of the Product, Plaintiff, Latasha Alexander, suffered the following injuries, all or some of which may be permanent in nature, including:

(a) First-degree burns on her left breast, second-degree burns on her right chest, and first-degree burns on the dorsum of her right hand.
(b) Emergency medical care.
(c) Permanent scarring, bruising, and disfigurement;
(d) Decreased mobility and dexterity;
(e) Reduction and/or limitation of activities of daily living and loss of independence;
(f) Humiliation;

20

(g) Embarrassment;
(h) Pain and suffering;
(i) Physical and emotional distress;
(j) Past and future medical expenses;
(k) Incidental and other expenses; and
(l) Loss of life's pleasures.

126. Defendants are liable to Plaintiff for their wrongful conduct pursuant to North Carolina common and statutory law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages, and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT VIII – GROSS NEGLIGENCE / RECKLESSNESS
## (DEFENDANTS NEWELL BRANDS INC. AND SUNBEAM PRODUCTS, INC.)

127. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

128. Defendants' aforementioned conduct was aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff, for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary (or, punitive) damages, in that Defendants' conduct was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious disregard to the rights, safety, or welfare of others; or included material representations that were false, with Defendants knowing that they were false or with reckless disregard as to the truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff.

129. Defendants ignored or disregarded the dangerous risks associated with pressurized lid

detachments and the resulting explosion and ejection of boiling contents.

130.   Defendants' ignorance of the aforementioned risks was ongoing through the date Plaintiff used the Product.

131.   Given Defendants' inherent knowledge and awareness of the risks associated with pressurized lid detachments, and the Product's propensity to cause burns and damage to skin, Defendants' failure to ensure that the Product was safe and effective constitutes gross negligence, malice, and a reckless disregard for the safety of Plaintiff and others.

132.   Plaintiff relied on Defendants to introduce into the marketplace a safe and adequately tested Product, and Plaintiff suffered their catastrophic injuries as a result of Defendants' failure to do so.

133.   Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court.

134.   Plaintiff will seek to assert claims for exemplary damages to the extent available under all applicable North Carolina laws.

135.   Plaintiff also alleges that the acts and omissions of Defendants, whether taken singularly or in combination with others, constitutes gross negligence that proximately caused Plaintiff's injuries.  In that regard, Plaintiff will seek exemplary damages in an amount that would punish Defendants for their conduct, and which would deter other manufacturers and sellers from engaging in such misconduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for punitive damages and for costs, in an as yet unliquidated sum in excess of $75,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against all Defendants and each of

them, individually, jointly and severally, and requests compensatory damages, together with interest,

cost of suit, attorneys' fees, and all such other relief as the Court deems just and proper as well as:

A)    compensatory damages for past, present, and future damages, including, but not limited to, great pain and suffering and emotional distress and anguish, for personal injuries sustained by Plaintiff, health and medical care costs, together with interest and costs as provided by law;

B)    for all ascertainable economic and non-economic damages in an amount as provided by law and to be supported by evidence at trial;

C)    for specific damages according to proof;

D)    for Punitive and Exemplary damages according to proof against the Newell Brands Inc. Defendant and Sunbeam Products Inc. Defendant ;

E)    for pre-judgment interest and post-judgment interest as allowed by law;

F)    for reasonable attorneys' fees;

G)    for the costs of these proceedings; and

H)    for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial with regards to all claims.

Date: June 24, 2025.

Respectfully submitted,

*/s/ Martha A. Geer*
Martha A. Geer
NC Bar No: 13972
Karl Amelchenko
NC Bar No.: 43387
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
900 W. Morgan St.
Raleigh, NC 27603
Tel: 919-600-5000
kamelchenko@milberg.com
mgeer@milberg.com

Harris L. Pogust
*(Admission PHV forthcoming)*
PA Bar No. 52721
**POGUST GOODHEAD, LLC**
161 Washington Street, Suite 250
Conshohocken, PA 19428
hpogust@pogustgoodhead.com

*Counsel for Plaintiff*

23